Covington Specialty Insurance Company v. Indian Lookout is it so I'm told counselor here we Have given 12 minutes per side for argument and it looks like I guess the Insurance have split their time. Is that right? That's correct. So six minutes each with one minute of rebuttal each. Is that right? Yes Okay, so Mr. Kelly you're gonna go first. I am Second You may proceed. May I please the court? There's ambiguity in this particular insurance policy and I would direct your attention to the whole policy which the case law tells us to look at and we know that there's ambiguity because while page 153 of the record has the absolute exclusion and does not use any of the words that were Suggested in the grand stone quarry case to explain what's excluded We see just a few pages later on page 160 that the exclusion contains the word Any person and again on page 61 It contains the word any person so if the drafters of this particular insurance policy Wanted to ensure there was no ambiguity. They could have added those words to this particular Stone quarry is a different Different language. It's a different kind of policy, right? It's a policy that is involved Property right? Yeah, we had the the policy here is a CGL policy, which is a standard policy for premises Liability and in this particular circumstance the complaint the underlying complaint contends that there was a dangerous condition On this particular property and you can see the underlying complaint at page 220 to 221 of the record and that tells you there's an allegation in that particular complaint in the underlying state court action That contends that there was dangerous conditions on these premises. That's exactly the allegation in the grand stone quarry case They alleged a dangerous condition on the premises and the underlying appellate division court said well There should be coverage there under a CGL policy for premises liability Which is the expectation of anybody who buys a CGL policy that they will have coverage for premises liability this particular Exclusion parrots the grand stone quarry one and in that particular case the third department said the silence of the Exclusion creates the ambiguity and that's our argument here the silence of this particular exclusion at 153 Deleting the words that were on the original exclusion on page 122 Owned or operated by a rented or loan to any insured They had the words to any insured they take those out and they don't but grant I'm just one of the show not missing something grand stone quarry is about injuries Resulting from the condition of the insurance property, right? That's correct. And so we're not dealing with that here We're dealing with injuries caused by an automobile into a motorcycle, right? well in the grand stone quarry The guys are on an ATV and they get injured because of a dangerous condition on the property while they're on the ATV Same thing here the allegation and we have to deal with the allegations of the state court complaint That's the pleading that sets the guidelines for us that particular pleading which I said is on page 220 221 says that because of the of the way you ran this event there were dangerous conditions on these premises They say that there was a danger created by the condition that there were dangers That it was a dangerous condition now That's the underlying complaint and that's the one by which you decide whether coverage comes in What does the underlying state court complaint allege? Doesn't have to be a proven element just has to be alleged grand stone quarry Allegation that there was a dangerous condition. It's undefined We don't know whether there is a hole in a road or a stick across the road or whatever it was But in any event the allegation of dangerous condition was enough for the third department to say Listen, that's an ambiguity. This should be covered and I would I would note that Throughout the whole document in addition to the exclusion we're talking about at 153 you also have to look at page 163 which is another absolute exclusion and it contains in their words about autos So if you're the ordinary person, which is the test that the courts use it doesn't mean an insurance professional Reads this it means the average Businessman would read that there's coverage for some auto at page 163 if cars are parked on your premises so given that we submit that there's an ambiguity here that the court must take notice of and That it's well established that where there's any ambiguity in an exclusion You've got to find a question of fact and send it to a jury to decide Thank you You reserved a minute for rebuttal? Yes. We'll now hear from Ms. George May it please the court On behalf of Indian Lookout and the Potters We ask this court to vacate and set aside district courts order granting Covington summary judgment and certify this 27.2 Co-counselor is correct at the it's the four corners of the complaint in the tort suit that That would determine coverage and in the in the complaint. The allegation is that the our insurance invited persons to an event of this size involving multiple thousands of Motorcyclists and lines which at times stretched for a great distance and included multiple thousands of motorists The tort fees are in the underlying suit Was going to this event. She was the one who left turned in front of the ATV in front of me I think we understand that I guess so I guess what I'm trying to figure out is what is the difference between what Mr. Kelly is arguing what you're arguing? We basically make the same arguments. Mr. Kelly's clients are the individuals the Potters. I represent the corporation. They are both in Represent different clients Like between your two arguments No, we support one another there's no difference. There's we are aligned in interest on the same We have filed we've appeared separately, but we were joined in interest And I echo. Mr Mr Kelly in the sense that the all the policy the policy could have simply added the words any Insured or any other person the average person wouldn't think that an exclusion In a policy would be modified by a later exclusion 31 pages later And in this case Why not that happens all the time in insurance policies? It's their exclusions and there are You know things that happen much later. Let's say this this Replaces anything that occurred earlier. Why do you say that that's unusual? Yes, well, I'll do spec judge the changes in the is in the deletion of something. It's the deletion There's all the time in insurance policies you you would say that that's a rare thing Well, it's it's done it's it's something that the reasonable person would not expect there's no cross-referencing as mr Kelly pointed out there are other exclusions in this policy that do that do contain the missing words You or the insured this one does not it would be it would the insured wouldn't know no one would notice reading the first reading the the initial Exclusion that page j8 122 and say I must check to see if this is modified by any later change to that endorsement The way no one would think to read the whole thing. Well, there's no cross-referencing and judges. It says it deletes and replaces Right, right But when you read the first one you think there would be there you would read that one and stop and go no further There's nothing to say to cross. Why would you think that you read that one and then go no further and the rest of it you're saying that Unless there's a cross-reference in the policy Anything that comes later is basically it disregarded By by the average person. I don't think judge with all due respect the reasonable business person would do that the the only the insured had a had a would have thought they weren't covered for auto since they had an auto policy and And judge what is the language of the that's really I think the focus should be the language of the exclusion It's that's the law in New York, isn't it? We don't compare it to what? Has been replaced we compare it with just the language of the exclusion and so it says that it covers any Bodily injury arising out of or resulting from the use of any auto, right? Right, but that it's our position judge that that is not clear Exclusions must be clear and distinct in order to be given their effect. I mean and the carrier bears the burden of that It's our position that the carrier did not did not support its burden of proof. I know that's your position I'm just trying to figure out what part of any is ambiguous It deletes the word you're insured because the insured Again, I thought the way I think it works in New York law Is that you look at the language of the exclusion? You don't look at what it replaced you look at what it says and if what it says is Clear and unambiguous then that's where you stop We take the position judge that it that it isn't clear that it that in reasonable person wouldn't wouldn't wouldn't come to that conclusion That he what that he or she was not covered and it's it's a crucial modification as mr Kelly pointed out there are other exclusions in the policy that that do have the the narrower language The insured the carrier could have simply added a few words any insured or any other person and made it crystal clear Ambiguities are always construed against the insurance company Right, we believe that's the question of law that the court that the district court is What we get to resolve whether the right duties, of course, right and and had this case been venued in in state court The New York State Court would have applied Grandstone Auto, which is as a parallel has parallel Exclusions and that would have barred State court would have I guess done exactly what we're doing because we're looking to New York State law Right and Grandstone quarry is is the there is no Court of Appeals decision on on this issue Grandstone quarry is the is the is the law that would be applied in the third department, which is where a New York Court Be venue Other cases in New York seem to go a different way from Grandstone quarry, but it seems to me Grandstone quarry is is distinguishable because of That being a property case But I mean I covered that with mr. Kelly. You've reserved a minute for yes. So let's hear from your address Thank you judge Good Morning your honors. I'm Eric Subin from Trab Lieberman Strauss and Shrewsbury and I represent the plaintiff Eppley Covington specialty insurance company And I'm here this morning arguing that the court should affirm the order granting summary judgment for Covington based on the absolute Auto exclusion and the Covington policy issued to mr. Kelly's clients and I do want to point out the distinction between mr Kelly's representation miss George's representation. Mr. Kelly's clients are the actual named insurance under the Covington policy Miss George's clients are not named insurance under our policy, but we're sued in the declaratory judgment action as interested parties as they have an interest in the Location where the I get that I was just trying to figure out what is the difference between the arguments? Understood your honor and I don't want to belabor any of the points have already been addressed I do just want to respond to a few things that my adversaries have mentioned The first is the idea that this is a premises liability case in the same sense that Grande quarry was In in Grande quarry. I hope I'm saying that right the incident as mentioned was an ATV single-vehicle Accident caused by a dangerous condition on the property itself here. The incident was caused by a motor vehicle collision Outside the property itself. It wasn't even on the insurance property wasn't on an adjoining roadway So from that point of view as well, it's a distinguishable case factually from Grande quarry, I also want to allude to Mr. Kelly's Discussion of the significance of the allegations of the underlying state court complaint in insurance law in the state of New York the significance of those underlying allegations is respect the duty to defend the insured against a With be within coverage notwithstanding other issues the insurance company would be deemed to have a duty to defend such claim And Covington did undertake the defense of the insurance in this case through the summary judgment ruling by Judge Sotopi At which case the defense was withdrawn based on the on the judgment, but but the point is that That was basically just to prevent the default Correct, but but the point that I'm trying to make is that the court can look beyond the allegations when you're looking at At whether there's coverage or not, right? We're not looking anymore whether there was a duty to defend in the first instance, but whether in fact there's coverage under the policy That's what judge Sotopi wasn't so we should look at the endorsement itself Correct. Let me ask you just looking parsing the endorsement Excludes bodily injury or property damage arising out of or resulting from Ownership of an auto. Whose ownership is being is being thought of in that phrase? I would say anyone's ownership based on the deletion How can you have a bodily injury arising out of somebody's ownership of a car? Oh, I see you're saying if you're sued Simply because you're the owner of the car I've seen a policyholder wouldn't it? It could but it's also how can it arise out of anybody else's ownership of the car? It's a fair question, your honor, and I will say also that in preparing for this morning I found another iteration of the endorsement not issued by my client that says the ownership non-ownership Etc. Etc. Etc. Of any motor vehicle and I wondered how how a claim could arise from non-ownership of a motor vehicle It excludes Ability arising out of the maintenance of a car what whose maintenance who would be doing the maintenance in that phrase? Isn't it doesn't it contemplate the maintenance by the insurer it could it could but but But but your honor if I may point out it's phrased in the disjunctive. It's or Use or entrustment, right? Ownership maintenance use or entrustment Who's entrustment? I mean you have to Entrustment to others. So who are the others anyone anyone other than who? Not other than anyone that is anyone the insured or any third party Because If it results from the ownership maintenance or entrustment and those phrases contemplate That the that the That we're talking about the the insured that looks like use would also deal with the insured That That assumes your honor that it does deal with the insured and my argument is that it doesn't deal with the insurance the insured or any third party And I believe that's the significance of the deletion of the phrase that's in the form endorsement But by any insured is it New York law that? That you you don't read an endorsement that supersedes in The text that is superseded, that's correct Exclusions are at seriatim under New York law, which means that if any one exclusion applies There's no coverage Without regard to what any other exclusion says and I believe if I may draw another distinction with Grande quarry We're a little bit shooting in the dark there because the court doesn't the court in that case doesn't set forth or quote the entire Endorsement but it appears from the discussion in that case and also the discussion by the district judge in the labo case That there were internal inconsistencies in the endorsement. In other words the way I understand that that endorsement treated autos aircraft and watercraft differently and Use the phrase by the insured or any other party with respect to watercraft and aircraft but not with respect to autos and I believe that that's where the the judge in Grande quarry found an ambiguity in the endorsement itself There is no such inconsistency internal inconsistency in the endorsement itself that Covington is relying on to deny coverage in this case And just to reiterate a couple of other points To the extent that there was or could be a dangerous condition of the property in this case either as alleged or as actually occurred Certainly as alleged the dangerous condition was a failure to direct traffic to direct automobiles in other words that dangerous condition in itself Assuming there was one was auto related again invoking the unambiguous exclusion Exactly right. I believe that in Grande quarry it was an embankment on the property that the ATV Exactly and here it's not that there was a pothole or an embankment or something else that that the That was You know a specific condition on the property that caused that caused the loss But actually the auto related failure to direct traffic and we've cited cases in our briefs both from from New York and from other states Applying similar exclusions on similar facts where the allegation was a failure to direct traffic I believe Lebeau was was exactly that that fact pattern Also to address another point that came up With respect to Miss George's argument It is the law in the state of New York that an insured is charged with knowledge of the contents of their policy So I don't believe that it's proper to argue that That they wouldn't have any reason to read the entire policy as a matter of law They're charged with knowing the contents of my policy argues if you read the entire policy, you will find that there are other provisions that that That refer to You know To others that excludes Is your honor alluding to the other exclusions that were referenced in the Again, this goes back This goes back to my prior my prior argument that Exclusions are read seriatim. If any exclusion on its face applies, you need read no further, right? So As long as there's an applicable exclusion there they're read Individually and so the fact that another exclusion outside this endorsement that's the argument that I make with respect to grande quarry my understanding in that case is that the The inconsistencies were within the endorsement itself Those such inconsistencies plague the endorsement here, although there may be other wording and other parts of the policy This specific exclusion Does not have internal inconsistencies such as the court Appears to have found in the grande quarry case I'm sorry. I I don't have the record with me, but this is the absolute aircraft and watercraft exclusion endorsement And the absolute aircraft and auto exclusion and Finally Finally I would like to Just mention again in response to miss George the practice of endorsing insurance policies to change the terms in the coverage form is is I That I've seen this is my practice 24-7 for more than 20 years I have never seen a policy that doesn't have an endorsement in it that changes or a CGL policy Certainly that that tailors the risk to the specific insured an issue. There's nothing Deceptive about it. There's nothing untoward about it. There's nothing ambiguous about it That's how insurance policies work And I don't believe there's any case law in the state of New York or anywhere else that I can think of That would say that merely endorsing an insurance policy to delete and add a different Exclusion in itself creates an ambiguity. I simply don't believe that that's the law unless there are any further questions. I will conclude Thank you Thank you The case law establishes that Ambiguity is determined by looking within the four corners of the document. So to suggest that we're going to let's let's do that This exclusion has an extra line that says this exclusion applies Even if the claims against any insured alleged negligence or other wrongdoing in the supervision or monitoring of others by that insured If the occurrence which caused the bodily injury involved the use of any auto so You're saying that that's ambiguous as to whether the auto has to belong to The insured and and in this particular case, they've taken out the words that originally Defined it by saying but you just we're not supposed to look at What was originally there? This is we're just looking within the four corners of the exclusion. So what the part I just read there you're saying that it's ambiguous as negligent as Against the insured for the supervision of others Is nonetheless not covered if the occurrence which caused the bodily injury involved the use of any auto And and I'm and I'm saying that particular second paragraph has deleted What was originally in the first paragraph and I'm saying? Reading this particular one as the judge did in Grand Stone Quarry has eliminated By any person which appears in many of the other exclusions in this particular document and had they Indicated in that first paragraph by any person that would have meant and that would have put the insured on notice that it was the coverage was Extinguished for everybody and everything but looking at these two together They're irreconcilable They're putting on a duty on the insured in the second one that they don't talk about in the first part of it And so I'm saying that that silence in the first paragraph Creates an ambiguity and of course because if it's an exclusion New York law says they're strictly construed against the insurer So if you have any ambiguity or any question of fact about it, you've got to construe it against the insurer. Thank you Thank you Miss George Thank You your honor as one of the justices pointed out the Endorsement on J153 is is ambiguous. Who what what do we mean by ownership? Who's auto? How it's very unclear and now mr Subin reads it to include. Oh, it doesn't mean it only means on-premises accidents and not off-premises accidents The distinct the exclusion itself is riddled with internal inconsistencies it doesn't indicate what class of people are bound by the Exemption or by the exclusion and a fair reading of the face of the complaint indicates this is this that yes It was an auto related incident, but the people were going there because of an event that the insured Was hosting on its premises that drew thousands of people It's not this the way this is worded your honor There's it's not a risk that the insured could ever buy insurance to protect itself against the insurer would have no insurable interest in other People's vehicles, but we the insured would reasonably expect that it when it hosts a large event such as this Harley rendezvous on its premises That that it that there would be coverage under its premises liability policy Separate insurance was purchased it has event right the for the holly rendezvous corporation But not for not for these not for this insured right and the court has no further questions. I'll rest on my brief We will reserve decision We have four others on submissions, but we will adjourn the court You